IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CEYLON JOHNSON ELGIN-TAYLOR,  Plaintiff,  vs.  TESSA GRIMES and BUTTE-SILVER BOW COUNTY,  Defendants. | CV 25–30–BU–DLC  ORDER |

Plaintiff Ceylon Johnson Elgin-Taylor filed a civil rights complaint under 42 U.S.C. § 1983, alleging his constitutional rights were violated during his detention at the Butte-Silver Bow Detention Facility in Butte, Montana. (Doc. 1.) The Complaint failed to state a claim, but Elgin-Taylor was given the opportunity to amend. (Doc. 7.) He has filed an Amended Complaint. (Doc. 8.) It, too, fails to state a claim and is dismissed.

I.      SCREENING

A complaint of a pre-trial detainee proceeding in forma pauperis must be reviewed under 28 U.S.C. § 1915. A court is required to dismiss a complaint filed in forma pauperis before the complaint is served if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

1

relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court's prior screening Order detailed the law that applies to Elgin-Taylor's claims and the deficiencies in pleading in his original Complaint. (Doc. 7.) The entire analysis will not be repeated here. However, Elgin-Taylor's Amended Complaint likewise fails to state a claim for race-based invidious discrimination. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."); *Bell v. Wolfish*, 441 U.S. 520, 545 (1979) ("[P]re-trial detainees, who have not been convicted of any crimes, retain at least those constitutional rights [. . .] enjoyed by convicted prisoners.").

Here, Elgin-Taylor identifies a single instance in which Grimes used racist language to him. (Doc. 8-1 at 1.)  While Grimes's alleged conduct may be deplorable and may suggest discriminatory intent, without an allegation of a conjunctive action taken against Elgin-Taylor on account of his race, it "is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Elgin-Taylor has elaborated his various interactions with Grimes, including on other days, but other than asserting how her presence makes him feel, he has not plausibly alleged any other instances of racist comments or any discriminatory actions as a result. Elgin-

Taylor conclusively alleges discrimination and racial profiling but never explains exactly what the conduct was. (Doc. 8-1 at 2.) He states at one point that she fired him from his job, but then in the next sentence he says that Captain Vaughn said she did not have the authority to do so, so, presumably, the firing did not stick. (Doc. 8-1 at 2.) Elgin-Taylor refers to staring, "aggressive" questioning, and attempts to intimidate him, but he also states that Defendant Grimes assaulted another inmate, and that "other lawsuits have been filed on her." (Doc. 8-1 at 6.) Despite his elaboration and added details, Elgin-Taylor fails to state a plausible claim for unconstitutional racial discrimination against Grimes or Butte-Silver Bow County.

## II.  CONCLUSION

Elgin-Taylor fails to state any viable claims under § 1983. His Amended Complaint is dismissed.

Based upon the foregoing, IT IS ORDERED that:

1. Elgin-Taylor's Amended Complaint is DISMISSED for failure to state a claim. The Clerk of Court is directed to close the matter and enter judgment.

2. The Clerk of Court is directed to note in the docket that the dismissal counts as a strike against Elgin-Taylor within the meaning of 28 U.S.C.§ 1915. Appeal would not be taken in good faith.

DATED this 10th day of June, 2025.

Dana L. Christensen, District Judge
United States District Court

3